

# THE ATTORNEY GENERAL
## OF TEXAS

GERALD C. MANN

AUSTIN 11, TEXAS

~~WILLIAM WILSON~~
ATTORNEY GENERAL

Hon. John C. Marburger
County Attorney
Fayette County
La Grange, Texas

Dear Sir:

Opinion No. O-1656

Re: (1) Is the county liable for all reasonable and necessary expenses for the upkeep and maintenance of the county-owned automobile operated by the sheriff on a salary basis in the official discharge of his duties, regardless of the amount of such expenses?
(2) Is the county liable for 4¢ a mile, regardless of the number of miles traveled in the official discharge of duties on the part of deputies?

Your request for an opinion on the questions as are herein stated has been received by this department.

Your letter reads in part as follows:

"Fayette County is operating on a salary basis and is paying all of her county officials accordingly. Fayette County also furnishes her own car to the sheriff for his use in the discharge of his official duties and pays all necessary expenses in the operation of said automobile, provided, however, that such expenses do not exceed $50.00. In case the reasonable expenses in the operation of such automobile do exceed $50.00, then the sheriff has to bear such expenses himself. The deputies own their own cars which are used in the discharge of their official duties and the county pays them at the rate of four cents (4¢) a mile, provided however, such mileage does not exceed twelve hundred fifty miles, the deputies being required to pay their own expenses over and above such 1250 miles.

"In view of the above fact situation, is the county legally liable:

"1. For all reasonable and necessary expenses for the up-keep and maintenance of such county owned automobile

operated by the sheriff in the official discharge of his
duties regardless of the amount such expenses may be.
For instance during last month the sheriff had a larger
expense bill, due to the fact that he had to purchase
several new tires, etc. which ran his expense bill above $50.00.

"2.  Is the county legally required to pay the
deputies at the rate of four cents (4¢) a mile, re-
gardless of the number of miles that they may travel in
the official discharge of their duties?"

You have orally informed us that the first paragraph in your
letter should read "not to exceed $50.00 per month, and in case the rea-
sonable expenses in the operation of such automobile do exceed $50.00 per
month."

Section (b) of Article 3899, Vernon's Civil Statutes, reads
in part as follows:

"Each officer named in this Act, where he receives
a salary as compensation for his services, shall be em-
powered and permitted to purchase and have charged to his
county all reasonable expenses necessary in the proper and
legal conduct of his office, premimums on officials' bonds,
premium on fire, burglary, theft, robbery insurance pro-
tecting public funds and including the cost of surety bonds
for his Deputies, such expenses to be passed on, pre-
determined and allowed in kind and amounts, as nearly as
possible, by the Commissioners' Court once each month for
the ensuing month, upon the application by each officer,
stating the kind, probable amount of expenditure and the
necessity for the expenses of his office for such ensuing
month, which application shall, before presentation to
said court, first be endorsed by the County Auditor, if
any, otherwise the County Treasurer, only as to whether
funds are available for payment of such expenses.  The
Commissioners' Court of the county of the Sheriff's res-
idence may, upon the written and sworn application of the
Sheriff stating the necessity therefor purchase equipment
for a bureau of criminal identification, such as cameras,
finger print cards, inks, chemicals, microscopes, radio
and laboratory equipment, filing cards, filing cabinets,
tear gas and other equipment in keeping with the system
in use by the Department of Public Safety of this State,
or the United States Department of Justice and/or Bureau
of Criminal Identification.

"Such purchases shall be made by each officer, when
allowed, only by requisition in manner provided by the
County Auditor, if any, otherwise by the Commissioners' Court.

Each officer shall, at the close of each month of his tenure of office, make an itemized and sworn report of all approved expenses incurred by him and charged to his county, accompanying such report with invoices covering such purchases and requisitions issued by him in support of such report. If such expenses be incurred in connection with any particular case, such report shall name such case. Such report, invoices and requisitions shall be subject to the audit of the County Auditor, if any, otherwise by the Commissioners' Court, and if it appears that any item was not incurred by such officer, or that such item was not a necessary or legal expense of such office, or purchased upon proper requisition, such item shall be by said County Auditor or court rejected, in which case the payment of such item may be adjudicated in any court of competent jurisdiction. All such approved claims and accounts shall be paid from the Officers' Salary Fund unless otherwise provided herein.

"The Commissioners' Court of the county of the Sheriff's residence may upon the written and sworn application of such officer, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of official business, which, if purchased by the county shall be bought in the manner prescribed by law for the purchase of supplies and paid for out of the General Fund of the county and they shall be reported and paid in the same manner as herein provided for other expenses.

"Where the automobile or automobiles are owned by the Sheriff or his Deputies, they shall be allowed four (4¢) cents for each mile traveled in the discharge of official business, which sum shall cover all expenses of the maintenance, depreciation and operation of such automobile. Such mileage shall be reported and paid in the same manner prescribed for other allowable expenses under the provisions of this section. No automobile shall be allowed for any Deputy Sheriff except those regularly employed in outside work. It shall be the duty of the County Auditor, if any, otherwise the Commissioners' Court, to check the speedometer reading of each of said automobiles, owned by the county once each month and to keep a public record thereof; no automobile owned by the county shall be used for any private purpose. (As amended Acts 1933, 43rd Leg., p. 734, ch. 220, § 4; Acts 1935, 44th Leg., p. 718, ch. 311, § 1; Acts 1935, 44th Leg., 2nd C.S., p. 1762, ch. 465, § 11; Acts 1937, 45th Leg., p. 1340, ch. 498, § 1.)"

Article 3899 was amended by the 43rd, 44th and 45th Legislatures. The amendment of the 43rd Legislature carried with it a provision to allow a sheriff $50.00 per month for the operation of the car, but the provision allowing a sheriff $50.00 per month for the operation

of the car was not included in the amendments by the 44th and the 45th Legislatures.

Article 3899, as amended by the 44th Legislature, read in part as follows:

"The Commissioners' Court of the county of the Sheriff's residence may, upon the written and sworn application of the Sheriff, stating the necessity therefor, allow one or more automobiles to be used by the Sheriff in the discharge of his official duties, which, if purchased, shall be bought by the county in the manner prescribed by law for the purchase of supplies, and paid for out of the General Fund, and they shall be and remain the property of the county. The expenses of the maintenance, depreciation and operation of such automobile or automobiles as may be allowed, whether purchased by the county or owned by the Sheriff or his deputies personally, shall be paid for by the Sheriff, and the amount thereof shall be reported by the Sheriff on the report above provided for, and shall be deducted by him from the amount, if any, due by him to the county in the same manner as the other expenses are deducted which are provided for in this Act."

Section (b) of Article 3899, supra, as it now reads, does not specifically provide any method or manner by which the reasonable and necessary expenses for the upkeep and maintenance of a county owned automobile operated by the sheriff on a salary in the official discharge of his duties shall be paid. However, Section (b) of Article 3899, Vernon's Civil Statutes, does provide that each officer named in the Act, where he receives a salary as compensation for his services, shall be empowered and permitted to purchase and have charged to his county all reasonable expenses necessary in the proper and legal conduct of his office.

On August 12, 1938, in passing upon a question very similar to the question we now have under consideration, in an opinion written by Hon. R. E. Gray, Assistant Attorney General, this department held that if the county has purchased a car for a sheriff, the sheriff shall keep a record of such expenses which he incurs in the operation and maintenance of same and present said expenses in an itemized form to the commissioners' court for payment.

In view of the foregoing authorities you are respectfully advised that it is the opinion of this department that where a sheriff receives a salary as compensation for his services and uses a county owned automobile, when the commissioners' court of the county of the sheriff's residence authorizes the sheriff to use such automobile in the discharge of his official business, such sheriff is not limited to the maximum of $50.00 per month per car, but the county is liable for all reasonable and necessary expenses for the upkeep and maintenance of such automobile operated by the sheriff in the discharge of his official duties, regardless of the amount of such expenses.

You are further advised that it is our opinion that the deputy sheriffs in your county who have been authorized by the commissioners' court to use their automobiles in the discharge of their official duties should be paid the sum of four (4¢) cents for each mile reasonably and necessarily traveled in the discharge of their official duties regardless of the amount of mileage such deputies travel.

Trusting that the foregoing fully answers your inquiries, we remain

Yours very truly

ATTORNEY GENERAL OF TEXAS

By s/Ardell Williams
Ardell Williams
Assistant

AW:pbp:wc

APPROVED DEC 4, 1939
s/Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Approved Opinion Committee By s/BWB Chairman